CENTRAL STATE BANK ET AL., APPELLEES, V. FARMERS
STATE BANK ET AL., APPELLANTS.

FILED MAY 5, 1917.  No. 19984.

Banks and Banking: "DEPOSIT:" FAILURE TO PAY: GUARANTY FUND.
When a party, in good faith, and in the usual course of business,
places money in a state bank under an agreement that the ac-
count shall be subject to check and shall draw interest at a rate
not exceeding that fixed by statute, it becomes a deposit under the
provisions of sections 280-356, Rev. St. 1913, and, in case the
bank fails to pay on demand, it may be made a charge against the
depositors' guaranty fund.

APPEAL from the district court for Burt county: GEORGE
A. DAY, JUDGE.  *Affirmed.*

*Willis E. Reed, Attorney General,* and *Dexter T. Bar-
rett,* for appellants.

*Lambert, Shotwell & Shotwell, contra.*

MORRISSEY, C. J.

This is an appeal from an order of the district court for
Burt county allowing the claim of plaintiff against the de-
fendant, who is the receiver of the Farmers State Bank of
Decatur. Albert S. White, who was in active charge of
the organization work of a proposed banking corporation,
called the Central State Bank, made three deposits in the
Decatur bank, aggregating $8,000.  May 2, 1916, after the
completion of the organization of the proposed Central
State Bank, White drew his check against the deposits for
the full amount thereof, less the accrued interest, and it
was redeposited in the name of the real owner of the ac-
count, the Central State Bank. This deposit was made on
the same terms as the original deposit. Four days there-
after the state banking board took possession of all of the
assets of the Farmers State Bank of Decatur, and subse-
quently a receiver was duly appointed.

The plaintiff herein filed its petition for the allowance of its claim in the principal sum of $8,000. White, as secretary, filed a claim in the sum of $45.77 for the interest accrued while the deposit stood in his name as secretary. The attorney general filed objections to the allowance of the claims, alleging that the money was not deposited in the usual course of business, nor entitled to the protection of the depositors' guaranty fund. The evidence shows that the deposit was made for an indefinite period, with the agreement between White and the bank that it should draw interest at the rate of 5 per cent. White was receiving subscriptions from numerous parties to the capital stock of the Central State Bank. He testified that he made similar deposits in other banks, intending to withdraw the money when the new bank should be chartered and be ready for business. He admits that he learned from the cashier of the failed bank that the bank was in need of money, as its deposits were decreasing, and he did not want it to become embarrassed, but that that was a minor reason, that he would not have made the deposit if he had not known it was protected by the depositors' guaranty fund. There is no contradiction of this. The account was subject to check; it might have been drawn out any day without notice; and the interest agreed upon was within the limit fixed by statute. Neither White nor any other person acting for plaintiff was a stockholder of, or officer in, the Decatur bank. The transaction appears to be free from fraud, and the judgment of the district court is

AFFIRMED.

ROSE, J., not sitting.